UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DONALD JAMES ANSON,            )       CASE NO. 4:06 CV 1672
                                 )
           Plaintiff,         )       JUDGE JAMES S. GWIN
                                 )
        v.                   )
                                 )       <u>MEMORANDUM OF OPINION</u>
CORRECTIONS CORPORATION     )       <u>AND ORDER</u>
OF AMERICA,               )
                                 )
           Defendant.       )

On July 12, 2006, <u>pro se</u> plaintiff Donald James Anson filed this <u>Bivens</u>[1] action against the Corrections Corporation of America ("CCA").  In the complaint, plaintiff alleges that CCA lacks an adequate law library for detainees of the United States Marshals, in violation of his First Amendment right of access to the courts.  He seeks injunctive relief and monetary damages.

## **Background**

Mr. Anson claims that the CCA facility at 2240 Hubbard Road, Youngstown, Ohio 44505 does not provide an adequate law library for pre-trial detainees.  He indicates that the library lacks almost all of the materials required by the American Association of Law Libraries and the

---

[1]   <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 383 (1971).

Bureau of Prisons ("BOP").  He states printed materials consist only of Federal Reporters and "some Ohio law books."  (Compl. at 4.)  He further contends that there are no criminal or civil procedure rules, and no law dictionary.  Mr. Anson indicates that the library contains only two computers which are often not working, and alleges that the library staff are lack sufficient legal knowledge to assist inmates with research.  Access to the library is limited to one to two hours per week.  Mr. Anson claims CCA has a separate law library facility for federal prisoners in the custody of the BOP, but inmates in the custody of the United States Marshals are not permitted to use it.  He asks this court to order CCA to provide inmates in Marshal custody with an adequate law library and to permit the inmates to utilize that facility for at least five to ten hours per week.  He also seeks $ 500.00 in damages to cover the cost of his claim.

## Exhaustion of Administrative Remedies

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998).  To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes.  Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).  The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement.  See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).  Moreover, the prisoner

must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint.  Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05.  In the absence of such particularized averments concerning exhaustion, the action must be dismissed.  Id.

Because NEOCC is a private prison, it is difficult to determine on the face of the pleading what grievance procedure is available to the inmates.  Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons.  As the inmates housed at NEOCC are federal inmates, it is likely that they are required to utilize the grievance procedure for federal inmates.

Under Title 28, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13.  If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14.  If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15.  An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel.  28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

Regardless of whether CCA utilizes the grievance procedure for federal facilities or whether it uses one of its own design, Mr. Anson has not demonstrated that he exhausted his administrative remedies for each claim he asserts against each defendant.  He states he requested

and filed a grievance form.  He then indicates he was told "it would be addressed (it was not) [and] told that as a private [sic] run facility 'access to courts' did not apply.  The grievance form was lost/not replied to."  (Compl. at 2.)  Mr. Anson does not indicate what type of grievance he filed, or to whom it was filed.  Furthermore, while he states he was given an answer, he also indicates the grievance was lost.  He does not provide sufficient information to demonstrate that he made any reasonable attempt to submit his complaints through the grievance process.  The inmate bears the burden of establishing exhaustion of administrative remedies at the time the complaint is filed.  Brown, 139 F.3d at 1104.  Mr. Anson has not satisfied that burden.

Generally, if the exhaustion requirement has not been met, the federal case will be dismissed without prejudice.  Brown v. Toombs, 139 F.3d at 1104.  If, however, a complaint on its face clearly fails to state a claim upon which relief may be granted, the court may dismiss it on the merits without requiring exhaustion.  See 42 U.S.C. § 1997e(c)(2); Id.  While Mr. Anson has not demonstrated that he has complied with the mandates of §1997(e), his complaint fails to state a claim upon which relief may be granted, and is subject to dismissal without exhaustion.

## 28 U.S.C. § 1915A

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290,

4

300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Mr. Anson asserts that he has been denied access to the courts in violation of the First Amendment.  To state a claim for denial of access to the courts, plaintiff must demonstrate he suffered an actual injury as a result of this policy.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  This injury requirement is not satisfied by just any type of frustrated legal claim.  Id.  A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions.  Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999).  "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[2] Id. at 355.  Mr. Anson fails to allege that he suffered any actual injury as a result of CCA's inadequate law library.  Without this allegation, Mr. Anson cannot support a claim for denial of access to the courts under the First Amendment.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

---

[2]    The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  Lewis, 518 U.S. at 355.

5

in good faith.[3]

        IT IS SO ORDERED.


Dated: October 16, 2006             *s/     James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[3]     28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.