UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONALD JAMES ANSON, | ) | CASE NO. 4:06 CV 1672 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONS CORPORATION | ) | AND ORDER |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is an amended complaint filed by pro se plaintiff Donald James Anson. For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

## **Procedural History**

On July 12, 2006, Mr. Anson filed this Bivens[1] action against the Corrections Corporation of America ("CCA") alleging that CCA lacked an adequate law library for detainees of the United States Marshals, in violation of the First Amendment right of access to the courts. He sought injunctive relief and monetary damages.

This court issued a Memorandum of Opinion and Order dismissing this case

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief could be granted on October 16, 2006. This court determined that Mr. Anson had not alleged that he suffered an injury as a result of the defendant's law library practices. The court also informed Mr. Anson that even if he had alleged an injury, he had not demonstrated exhaustion of administrative remedies and his case could not proceed even if he had pled sufficient facts to avoid summary dismissal.

Mr. Anson wrote a letter to the court, which was received on November 13, 2006. In the letter, Mr. Anson indicated he had been unable to adequately research the elements of a First Amendment claim due to his limited access to the law library. He requested an opportunity to correct his pleading so his case could go forward. This court liberally construed this letter as a Motion for Reconsideration and granted his request. Mr. Anson was told to file an Amended Complaint within twenty-one days of receipt of the entry. He was further reminded to provide information demonstrating that he had exhausted his administrative remedies. Mr. Anson responded by providing another letter to the court on December 7, 2006 that attempted to clarify issues raised in the court's Memorandum of Opinion and Order. This letter was liberally construed as the amended complaint.² This pleading also fails to state a claim upon which relief may be granted, and this action is dismissed.

## **Background**

Mr. Anson claims that the CCA facility at 2240 Hubbard Road, Youngstown, Ohio 44505 does not provide an adequate law library for pre-trial detainees. He indicates that the library

---

² Although an amended complaint takes the place of the original pleading, this one is clearly intended to supplement and not replace the original complaint. The court will therefore construe them together, and will refer to them collectively as the amended complaint.

lacks almost all of the materials required by the American Association of Law Libraries and the Bureau of Prisons ("BOP"). He states printed materials consist only of Federal Reporters and "some Ohio law books." (Am. Compl. at 4.) He further contends that there are no criminal or civil procedure rules, and no law dictionary. Mr. Anson indicates that the library contains only two computers which are often not working, and alleges that the library staff lack sufficient legal knowledge to assist inmates with research. Access to the library is limited to one to two hours per week. Mr. Anson claims CCA has a separate law library facility for federal prisoners in the custody of the BOP, but inmates in the custody of the United States Marshals are not permitted to use it. He asks this court to order CCA to provide inmates in Marshal custody with an adequate law library and to permit the inmates to utilize that facility for at least five to ten hours per week. He also seeks monetary damages to cover the cost of his claim.

## 28 U.S.C. § 1915A

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Mr. Anson asserts that he has been denied access to the courts in violation of the

3

First Amendment. To state a claim for denial of access to the courts, plaintiff must demonstrate he suffered an actual injury as a result of this policy. Lewis v. Casey, 518 U.S. 343, 351 (1996). This injury requirement is not satisfied by just any type of frustrated legal claim. Id. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. Id.; Hadix v. Johnson, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[3] Id. at 355.

To support this claim, Mr. Anson contends to have suffered two injuries as a result of CCA's inadequate law library. First, he claims his criminal sentencing date was delayed, which in turn, delayed his filing of an appeal of his conviction. He explains that his sentencing was delayed because "there were issues involved in a pending 29c motion, which I could not work on or develop without access to a proper law library."[4] (Am. Compl. at 4.) He contends that the delay is an actual injury because he believes he will eventually be exonerated on appeal. Mr. Anson admits he was represented by counsel throughout his criminal case, including during the time period in which the Rule 29(c) motion was filed. In fact, the Motion for Acquittal was prepared and filed by his attorney. See United States v. Anson, Case No. 6:04 cr 6180 (W.D. New York indictment

---

[3] The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355.

[4] The court presumes Mr. Anson is referring to Federal Criminal Procedure Rule 29(c) which provides for a Motion for Acquittal after the jury returns a verdict.

4

filed Dec. 7, 2004). Although that attorney was replaced by other counsel shortly after the motion was filed, there is no reasonable suggestion that Mr. Anson did not have competent legal representation throughout the litigation of his Motion. There is certainly no indication that the alleged inadequacies of the law library at CCA caused the rejection of the Motion for Acquittal. In addition, Mr. Anson claims he filed a civil rights action, <u>Anson v. Bailey</u>, Case No. 1:06 CV 394 (W.D.N.Y. filed June 15, 2006), in the United States District Court for the Western District of New York. He indicates that he has been unable to obtain the status of that claim but he "believe[s] that claim may have been jeopardized by my lack of access to an adequate law library." (Am. Compl. at 4.) On December 18, 2006, five months after Mr. Anson was moved from CCA, the Court granted his request to proceed <u>In Forma Pauperis</u> and directed the Clerk of Court to cause the United States Marshal to serve copies of the summonses and complaint on the named defendants. The defendants filed a motion on March 29, 2007 for an extension of time to answer the complaint. The court granted the motion on March 30, 2007. There have been no other rulings from the court. The case is still pending. Mr. Anson clearly has suffered no injury which can be connected to the adequacy of the law library at the CCA facility in which he was housed from May 2006 to July 2006. Without this allegation, Mr. Anson cannot support a claim for denial of access to the courts under the First Amendment.

## **Conclusion**

Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not

be taken in good faith.[5]

       IT IS SO ORDERED.


Dated: May 16, 2007                                      *s/    James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[5]    28 U.S.C. § 1915(a)(3) provides:

     An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.